UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ANGELO ALDEN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AECOM TECHNOLOGY CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-03258-SVK<br><br>**DISCOVERY ORDER FOLLOWING JANUARY 30, 2020 STATUS CONFERENCE**<br><br>Re: Dkt. No. 103 |

Following receipt of Defendant AECOM Technology Corporation's motion to enlarge certain discovery deadlines set in the Court's December 10, 2019 Case Management Order and the response of Plaintiff Peter Alden thereto (Dkt. 103, 104), the Court held a telephonic status conference on January 30, 2020. The Court will hold a further status conference on **February 21, 2020 at 10:00 a.m.** The status conference will be held by telephone unless the Court determines following receipt of the February 12, 2020 submissions identified below that the parties must appear in person.

Plaintiff confirmed that he has produced all documents he is required to produce under General Order ("GO") 71. Defendant has not yet produced all initial disclosure documents for the enlarged time period, as discussed in Dkt. 102, which were due by January 17, 2020. In particular, Defendant has not produced email communications and needs to confirm that all other categories have been produced.

As discussed at the status conference, the Court ORDERS as follows

- **Defendant's GO 71 Production:** Defendant is ordered to review its production to date to confirm that it has made a full and complete production of all documents it is required to produce under GO 71 (with the exception of documents identified in

Part 2, subsection (2)(a) of GO 71) for the complete and enlarged time period set forth in the Court's December 10, 2019 Case Management Order (Dkt. 102). By February 12, 2020, Defendant must either confirm in writing to Plaintiff that such production is complete or complete the production.

- **ESI Search:** For the initial ESI search necessary for Defendant's compliance with Part 2, subsection 2(a) of GO 71, Defendant must search the following:
    - Custodians: Defendant must search the following custodians: Tom Horan, Greg Altberg, Fred Jones, Greg Hite, Ron Schaefer, Larry Singer, and Craig Martin.
    - Search terms: Defendant must conduct ESI searches of the foregoing custodians using the following search terms, to be formatted using appropriate search terminology:
        - Pete! and Alden
        - Alden (without limitation)
        - Complain! and (Pete! or Alden)
        - Terminat! and (Pete! or Alden)
        - Retaliat! and (Pete! or Alden)
        - (CAD and standard!) and Alden
    - Email domains: By **February 12, 2020**, Defendant must file a declaration from a person with relevant knowledge at AECOM and signed under penalty of perjury that explains whether AECOM is able to access email from the following four domains: aecom.com; dmjm.com; nasa.gov; and mail.arc.nasa.gov. If AECOM does not have access to any of these domains, the declaration must explain the circumstances.
    - By **February 12, 2020,** Defendant must provide a status report concerning information developed from the searches of the custodians and search terms identified above, including: (1) an estimate of how long it will take to complete this ESI search and production; (2) any initial information about

the quantity of documents located in the search; and (3) a description of any problems with conducting the ESI search identified above.
- o Based on the information currently available to the Court, the Court believes the foregoing ESI custodians and search terms are adequate in this case. However, following completion of initial ESI production, Plaintiff may seek additional ESI custodians and/or search terms if he can demonstrate that a broader search is necessary and appropriate under Federal Rule of Civil Procedure 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit") and 26(b)(2)(B) (setting forth specific limitations on ESI discovery), as well as this District's ESI guidelines and any relevant agreements between the parties.
- o This order does not limit Plaintiff's ability to seek the production of additional categories of documents by serving requests for production that comply with federal and local rules.
- **Protective Order:** By **February 7, 2020**, Defendant must send a proposed protective order to Plaintiff <u>and</u> submit it to the Court. By **February 12, 2020**, Plaintiff must file a letter with the Court identifying any concerns he has with Defendant's draft protective order. The Court directs the parties to this District's model protective order for standard litigation for guidance (https://cand.uscourts.gov/wp-content/uploads/forms/model-protective-orders/CAND_StandardProtOrd.pdf).
- **ESI Order**: By **February 12, 2020**, Defendant must send a proposed ESI order to

Plaintiff <u>and</u> submit it to the Court. The ESI order should identify custodians, search terms, and domain names. It should also set forth an agreed-upon format for production of ESI and include the clawback provision at section 8 of this District's model ESI order for standard litigation. By **February 18, 2020**, Plaintiff must file a letter with the Court identifying any concerns he has with Defendant's draft ESI order.

Except for the upcoming filings discussed above, any future discovery disputes must be presented to the Court in joint letter format in compliance with the undersigned's Civil Scheduling and Discovery Standing Order.

This order resolves Defendant's motion to enlarge discovery deadlines. Dkt. 103.

**SO ORDERED.**

Dated: January 30, 2020

SUSAN VAN KEULEN
United States Magistrate Judge

4