UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ANGELO ALDEN,<br><br>    Plaintiff,<br><br>    v.<br><br>AECOM TECHNOLOGY CORPORATION, et al.,<br><br>    Defendants. | Case No.  18-cv-03258-SVK<br><br>**ORDER GRANTING DEFENDANT AECOM TECHNOLOGY CORPORATION'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 166 |

Plaintiff Peter Alden claims that his former employer, Defendant AECOM Technology Corporation, retaliated against him by firing him after he "blew the whistle" to the National Aeronautics and Space Administration (NASA) regarding alleged misconduct by AECOM in connection with a NASA contract.  *See* Dkt. 50 (First Amended Complaint ("FAC")) ¶¶ 7, 13-59.  Now before the Court is AECOM's motion for summary judgment.  Dkt. 166.  Both parties have consented to the jurisdiction of a magistrate judge.  Dkt. 20, 27.  Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for determination without oral argument.  For the reasons that follow, the Court **GRANTS** AECOM's motion for summary judgment.

I.  **BACKGROUND**

    **A.**    **Factual Background**

Between 1997 and 2012, Plaintiff Peter Alden was employed as a technical draftsperson by several contractors at the NASA Ames Research Center ("NARC") in Mountain View, California.  FAC ¶ 11.  On November 1, 2009, Alden "blew the whistle" on AECOM, the federal contractor that employed him at that time, by sending a complaint to Anthony Wong, who according to Alden was "the NARC Contracting Officer's Technical Representative (COTR) [who was] the government liaison for the AECOM contract."  *Id.* ¶ 21.  Alden's complaints were concerning AECOM practices that Alden contends impaired drawing productivity.  *Id.*  On May 7, 2012,

1  AECOM terminated Alden's employment. *Id.* ¶ 12. Alden filed a formal complaint with the
2  NASA Office of Inspector General ("OIG") on May 7, 2015, complaining that AECOM had
3  defrauded the government and retaliated against him. *Id.* ¶ 54(a). The NASA OIG denied Alden's
4  request for relief on May 31, 2016. *Id.* ¶ 55.

### B. Procedural History

On May 31, 2018, Alden, who represents himself in this litigation, filed the original Complaint in this case, which named both AECOM and NASA as Defendants. Dkt. 1. The original Complaint had two causes of action: (1) retaliation in violation of the Defense Contractor Whistleblower Protection Act, 10 U.S.C. § 2409 ("DCWPA"); and (2) abridgment of free speech rights under the First Amendment. *Id.* AECOM filed an Answer to the original Complaint. Dkt. 16. NASA moved to dismiss the Complaint. Dkt. 34. Although the Court dismissed both of the claims against NASA without leave to amend, it gave Alden leave to amend the Complaint to set forth any other claims he might have against NASA. Dkt. 49 at 6.

Alden then filed the FAC. Dkt. 50. The FAC contained four causes of action against AECOM: (1) violation of the DCWPA; (2) abridgement of free speech rights under the First Amendment; (3) defamation; and (4) intentional infliction of emotional harm. *Id.* The FAC contained one cause of action against NASA for violation of the Administrative Procedures Act, 5 U.S.C. § 701 *et seq*. by breach of fiduciary duty. *Id.* Both NASA and AECOM moved to dismiss the FAC. Dkt. 53, 54. The Court denied AECOM's motion to dismiss the DCWPA claim. Dkt. 85 at 1-2. The Court dismissed all remaining claims against AECOM and NASA with prejudice. *Id.* AECOM filed an answer to the FAC. Dkt. 86.

Accordingly, only one claim remains in the case: Alden's DCWPA claim against AECOM. Discovery has closed. *See* Dkt. 155. AECOM now moves for summary judgment on the single cause of action against it, for violation of the DCWPA. Dkt. 166 (Motion), 175 (Reply). Alden opposes AECOM's motion for summary judgment. Dkt. 171, 174.[1]

---

[1] The Court granted Alden's motion to extend the deadline for his opposition to AECOM's motion for summary judgment until February 16, 2021. Dkt. 169. Alden filed his original opposition on February 17, 2021. Dkt. 171. On February 28, 2021, Alden filed an "Notice of Errata" along with a "corrected" copy of his opposition brief. Dkt. 174. The Court overrules AECOM's objections

United States District Court
Northern District of California

## II. LEGAL STANDARD

Summary judgment is appropriate if the moving party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1985). A genuine dispute of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*.

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where the party moving for summary judgment has the burden of persuasion at trial, such as where the moving party seeks summary judgment on its own claims or defenses, the moving party must establish "beyond controversy every essential element of its [claim]." *So. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (citation omitted). Where the moving party seeks summary judgment on a claim or defense on which the opposing party bears the burden of persuasion at trial, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets its initial burden, the burden shifts to the nonmoving party to produce evidence supporting its claims or defenses. *Id*. at 1103. If the nonmoving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

"The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014). However, the party opposing summary judgment must direct the

---

to Alden's corrected opposition brief. *See* Dkt. 175 at 2-3. To the extend the corrected opposition contained new arguments, AECOM had adequate time to address them in its reply, which was filed on March 9, 2021. Dkt. 175.

1  court's attention to "specific, triable facts." *So. Cal. Gas*, 336 F.3d at 889. "[T]he mere existence
2  of a scintilla of evidence in support of the plaintiff's position" is insufficient to defeat a motion for
3  summary judgment. *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not
4  lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial."
5  *City of Pomona*, 750 F.3d at 1049-50 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*
6  *Corp.*, 475 U.S. 574, 587 (1986)).

### III. DISCUSSION

As discussed above, the only remaining case of action in this case is Alden's claim against AECOM for retaliation in violation of the DCWPA. AECOM argues that it is entitled to summary judgment for four reasons: (1) Alden failed to report the alleged wrongdoing to an appropriate individual under the 2008 version of the DCWPA that governs this case; (2) the 2008 version of the DCWPA applies only to Department of Defense contracts, not NASA contracts such as the one involved in this case; (3) Alden cannot establish the requisite temporal relationship between his whistleblowing and his termination; and (4) AECOM can establish that it would have taken the same disciplinary action in the absence of Alden's alleged whistleblowing. Dkt. 166 at 12-21.

#### A. Applicable Version of the DCWPA

##### 1. Amendments to the DCWPA

Congress has amended the DCWPA numerous times since it was first enacted, and these amendments have brought about significant changes in the scope of the statute. For example, the original DCWPA did not afford federal employees a private right of action. *See, e.g., Pacheco v. Raytheon Co.*, 777 F. Supp. 1089, 1093 (D.R.I. 1991). However, the 2008 amendments expressly provided for a private right of action. *See Manion v. Nitelines Kuhana JV LLC*, No. 7:12-CV-247-BO, 2014 WL 1800318, at *3 (E.D.N.C. May 6, 2014). Amendments to the DCWPA also changed the type of reportable conduct that falls within the statute as well as the types of government contracts that are subject to the statute. For example, the 1994 version of the DCWPA provided:

United States District Court
Northern District of California

4

**(a) Prohibition of reprisals.**--An employee of a contractor may not be discharged, demoted, or otherwise discriminated against as a reprisal for disclosing to a Member of Congress or authorized official of an agency of the Department of Justice information relating to a substantial violation of law related to a contract (including the competition for or negotiation of a contract).

10 U.S.C. § 2409(a) (1994 version).

The 2008 version of the statute provided:

**(a) Prohibition of reprisals.**--An employee of a contractor may not be discharged, demoted, or otherwise discriminated against as a reprisal for disclosing to a Member of Congress, a representative of a committee of Congress, an Inspector General, the Government Accountability Office, a Department of Defense employee responsible for contract oversight or management, or an authorized official of an agency or the Department of Justice information that the employee reasonably believes is evidence of gross mismanagement of a Department of Defense contract or grant, a gross waste of Department of Defense funds, a substantial and specific danger to public health or safety, or a violation of law related to a Department of Defense contract (including the competition for or negotiation of a contract) or grant.

10 U.S.C. § 2409 (2008 version).

The 2013 version of the statute stated:

**(a) Prohibition of reprisals.**

(1) An employee of a contractor, subcontractor, grantee, or subgrantee or personal services contractor may not be discharged, demoted, or otherwise discriminated against as a reprisal for disclosing to a person or body described in paragraph (2) information that the employee reasonably believes is evidence of gross mismanagement of the following:

(A) Gross mismanagement of a Department of Defense contract or grant, a gross waste of Department funds, an abuse of authority relating to a Department contract or grant, or a violation of law, rule, or regulation related to a Department of Defense contract (including the competition for or negotiation of a contract) or grant.

(B) Gross mismanagement of a National Aeronautics and Space Administration contract or grant, a gross waste of Administration funds, an abuse of authority relating to an Administration contract or grant, or a violation of law, rule, or regulation related to a Administration contract (including the competition for or negotiation of a contract) or grant.

(C) A substantial and specific danger to public health or safety.

5

(2) The persons and bodies described in this paragraph are the persons and bodies as follows:

    (A) A Member of Congress or a representative of a committee of Congress.

    (B) An Inspector General.

    (C) The Government Accountability Office.

    (D) An employee of the Department of Defense or the National Aeronautics and Space Administration, as applicable, responsible for contract oversight or management.

    (E) An authorized official of the Department of Justice or other law enforcement agency.

    (F) A court or grand jury.

    (G) A management official or other employee of the contractor or subcontractor who has the responsibility to investigate, discover, or address misconduct.

10 U.S.C. § 2409(1) (2013 version).

A comparison of these versions of the statute reveals that whereas the DCWPA originally pertained to narrower misconduct ("a violation of law") under a broader array of government contracts, the 2008 version of the statute extended to a wider array of misconduct (such as "gross mismanagement" and "waste") but under a narrower category of contracts (for most types of complaints, "a Department of Defense contract or grant").  The 2013 amendment expressly referred to NASA contracts as well as DOD contracts and also revised the list of persons to whom misconduct can be reported.  *See Katterheinrich v. Al-Razah Com. Servs.,* No. 5:17-cv-1797-LCB, 2020 WL 5847648, at *4 (N.D. Ala. Oct. 1, 2020) (stating that 2008 DCWPA "is limited in its protection, as it only protects from retaliation employees that report misconduct related to a Department of Defense contract or grant"); *Quinn v. Booz Allen Hamilton, Inc.*, No. 3:14cv111/MCR/EMT, 2015 WL 11347589, at *2 (N.D. Fla. Mar. 6, 2015) (stating that 2013 amendment "arguably broadens the DCWPA's protections by providing that a disclosure may be made to "[an] employee of the contractor ….").

    **2.**    **Which version applies to Alden's claims**

Because relevant provisions of the DCWPA have changed over time as discussed above,

6

the first question the Court must decide is which version of the DCWPA governs in this case. AECOM argues that the version of the DCWPA that was in effect from January 28, 2008 until 2013 (the "2008 DCWPA") governs this case because "the reprisal at issue in Plaintiff's FAC (i.e., his employment termination) occurred in May 2012, and the contract under which AECOM was operating at the time Plaintiff allegedly blew the whistle was 'awarded' well before the 2013 statute's effective date of July 2 , 2013 (i.e., the NASA contract for the period 2007 to 2012)." Dkt. 166 at 11. Alden agrees that the 2008 DCWPA governs. Dkt. 174 at 20 ("The Plaintiff agrees with the Defense that when his employment was terminated in May 2012 the 2008 version of the DCWPA was in effect … Therefore, the Court should find that the 2008 version of the DCWPA applies to this case, rather than retroactively applying the current version of the statute").

The Court agrees with the parties that the 2008 DCWPA, rather than the 2013 version of the statute, governs this dispute. The 2013 amendments to § 2409 apply only to contracts awarded 180 days after enactment of the revised language or to prior contracts that were modified to apply the new provisions. *See Javery v. Bolden*, 697 Fed. Appx. 810, 813-14 (5th Cir. 2017) (per curiam). Here, the AECOM-NASA contract at issue predated the 2013 DCWPA amendments, and the parties have not presented any evidence that the contract was modified to incorporate those amendments. *See* Ex. 1 to Dkt. 166-3 (AECOM-NASA contract dated Aug. 30, 2007); *see also* Ex. 1 to Dkt. 166-2 at 115:1-6 (Alden reference in deposition to 2007-2012 contract). Accordingly, the 2008 DCWPA governs this action. *See Quinn*, 2015 WL 11347589, at *2 (holding that 2008 DCWPA, rather than 2013 version, governed case in which most of the events in question occurred in 2012 and the contract in place at the time of the whistleblower's disclosure was awarded well before the 2013 statute's effective date of July 2, 2013).[2]

The conclusion that the 2008 DCWPA applies is consistent with the "timeless and universal" principle that "the legal effect of conduct should ordinarily be assessed under the law

---

[2] In reviewing Alden's claim, the NASA OIG considered whether the 1994 version of the DCWPA applied, rather than the 2008 version. *See* Dkt. 172-2 at 27-30. However, the OIG concluded that even if the 1994 DCWPA applied, it did not protect Alden's disclosures because they did not relate to a "substantial violation of law," as required under that version of the statute. *Id.*

that existed when the conduct took place" unless Congress has clearly manifested a contrary intent *Hughes Aircraft Co. v. United States*, 117 S. Ct. 1871, 1876 (1997) (citation omitted).

### B. Authorized Recipients of Protected Disclosures under 2008 DCWPA

AECOM argues that Alden's DCWPA claim fails because he did not report the alleged wrongdoing to a person or entity authorized under the 2008 DCWPA to receive such complaints. Dkt. 166 at 12-14. The 2008 DCWPA extends protection only to complaints made to "a Member of Congress, a representative of a committee of Congress, an Inspector General, the Government Accountability Office, a Department of Defense employee responsible for contract oversight or management, or an authorized official of an agency or the Department of Justice." 10 U.S.C. § 2409(a) (2008 version).

In support of his DCWPA claim, Alden relies on reports he made to AECOM management and to Anthony Wong of NASA. *See, e.g.,* FAC ¶¶ 16, 21. However, Alden's reports to AECOM management cannot support his DCWPA claim. First, the government contractor is not among the authorized recipients of disclosures listed in the 2008 DCWPA. 10 U.S.C. § 2409(a) (2008 version). Second, Alden's complaints were in large part about the conduct of AECOM. *See* FAC ¶¶ 17-20. It is well-settled as a general principle that "[c]riticism directed to the wrongdoers themselves is not normally viewable as whistleblowing." *Willis v. Dept. of Agriculture*, 141 F.3d 1139, 1143 (Fed. Cir. 1998) (citation omitted) (discussing Whistleblower Protection Act, 5 U.S.C. § 2302). The conclusion that Alden's reports to AECOM management were not encompassed in the 2008 DCWPA is reinforced by a comparison of that version of the statute to the 2013 version, which was amended to expressly include complaints to "[a] management official or other employee of the contractor or subcontractor who has the responsibility to investigate, discover, or address misconduct." 10 U.S.C. § 2709(a)(2)(G) (2013 version).

The Court must therefore determine whether Alden's reports to NASA employee Anthony Wong satisfy the requirement for protection from reprisal under the 2008 DCWPA. The only category in which Wong might fall is as "an authorized official of an agency." *See* 10 U.S.C. § 2409(a). This term is not defined in the statute. *See McNeil v. State Employment Sec. Dept.*, 113 Wash. App. 1002, 2002 WL 1831977, at *4 (Wash. Ct. App. 2002). Nor does the context of

8

1  the statute as a whole provide guidance because "the DCWPA is a stand-alone statute not situated

2  within a larger statutory scheme." *Manion v. Spectrum Healthcare Resources*, 966 F. Supp. 2d

3  561, 564 (E.D.N.C. 2013).

4      AECOM acknowledges in its motion for summary judgment that Wong is "a NASA employee" but asserts that Mr. Wong is not "a person or entity covered by the statute to whom a report must be made under the 2008 DCWPA." Dkt. 166 at 12-13. Alden describes Wong as "the NARC [NASA Ames Research Center] Contracting Officer's Technical Representative (COTR)" who was "the government liaison from the AECOM contract." FAC ¶ 21. Plaintiff argues that Wong was "the number two person on the AECOM Ames contract" who had "signature authority." Dkt. 174 at 21. Alden submits evidence of Wong's COTR title and an instance in which Wong had signature authority. *See e.g.,* Dkt. 172-11 at PDF pp. 3, 5-7.[3]

    Although Alden's characterizations of Wong's responsibilities may be correct, Alden ignores that his whistleblower complaints were not only made *to* Wong, but also *about* Wong. For example, Alden alleges that "government officials, to all appearances, [were] in collusion with his employer in order partly to protect themselves," quoting Wong as referring to Tom Horan, the Site Director, as "my buddy, my friend." FAC ¶ 38. Alden complains that Wong, as the NASA COTR, "is not supposed to [be] the buddy or the friend of a Federal contractor's office manager" but instead "[h]is job is to watch them." *Id.* ¶ 40. Alden states that although "Wong was the NASA COTR the Plaintiff had previously blown the whistle to" he went "out of his way to kiss up to the very person you have been complaining about … just to spite the Plaintiff." *Id.* Alden further references a "closed door meeting" between Wong and the AECOM Site Director on June 1, 2010, asserting that "[c]learly meeting alone behind closed door with a federal contractor you are supposed to be overseeing is inappropriate for any reason let alone one that had been accused of defrauding the government." *Id.* ¶ 43. In fact, Plaintiff complains that Wong and another NASA employee "remain at large" even though they "authorized the expenditures for the apparent

---

[3] The Court also notes that the NASA OIG concluded in reviewing Alden's claim that Wong was appropriate report recipient but did not explain the basis for this conclusion. *See* Dkt. 172-2 at PDF p. 32.

tens of millions of dollars of no bid contracts to AECOM." *Id.* ¶ 51.

Because of Alden's complaints about Wong, this case resembles *Quinn*, in which the employee of a defense contractor (Quinn) disclosed to the contractor alleged gross mismanagement or other prohibited conduct in connection with a DOD contract. Quinn also complained to a Navy employee (Stewart), who was supporting the project, that Stewart should not have disclosed certain information to Quinn. The court first held that Quinn's disclosure to his employer, the government contractor, did not give rise to a DCWPA cause of action because the 2008 DCWPA does not include a contractor among the list of entities to which a protected disclosure may be made. *Quinn*, 2015 WL 11347589, at *4. The Court also held that even if the Navy employee, Stewart, "somehow falls within one of the DCWPA's categories" of persons to whom reports must be made, Quinn's DCWPA claim failed because "nothing in the statute protects 'disclosures' made directly to the alleged wrongdoer." *Id.* Similarly, in *Katterheinrich*, a district court held that the disclosure by a contractor's employee to a NASA contracting officer of alleged improprieties in a bid for a NASA contract presumably would constitute protected conduct under the 2016 version of section 2409 but did not amount to protected conduct under the 2008 DCWPA. 2020 WL 5847648, at *4.

Alden has not demonstrated that his complaints to Wong give rise to protection under the 2008 DCWPA. Accordingly, AECOM is entitled to summary judgment on the DCWPA claim.

### C. Applicability of 2008 DCWPA to NASA Contracts

AECOM is entitled to summary judgment for the additional reason that the reprisal prohibition in the 2008 DCWPA does not apply to whistleblower complaints about gross mismanagement of NASA contracts, such as Alden's complaints about the AECOM-NASA contract in this case. The 2008 DCWPA protects against reprisal for disclosing to an authorized person "information that the employee reasonably believes is evidence of gross mismanagement of a Department of Defense [(DOD)] contract or grant, a gross waste of [DOD] funds, a substantial and specific danger to public health or safety, or a violation of law related to a [DOD] contract (including the competition for or negotiation of a contract) or grant." 10 U.S.C. § 2409(a) (2008 version). By its terms, this statute "extends protection for disclosures to NASA only if such

disclosures relate to public safety." *Javery*, 697 Fed. Appx. at 815. Disclosures relating to mismanagement, waste, or violation of law are covered only if they relate to DOD contracts. *See id.; see also Katterheinrich*, 2020 WL 5847648, at *4 (holding that 2016 version of DCWPA "protects a wider assortment of activities related to NASA contracts" whereas "[t]he 2008 version is limited in its protection, as it only protects from retaliation employees that report misconduct related to a Department of Defense contract or grant"). Alden's complaints were about mismanagement and waste, not safety. *See, e.g.,* FAC ¶ 17 (stating that drawing standards, about which Alden complained, "relate[] to productivity" as opposed to building codes, which "relate[] to safety"); *id.* at ¶ 48 (accusing AECOM and NASA of "*Gross Mismanagement and Abuse of Authority*" (emphasis in original)); Ex. 9 to Dkt. 166-2 (November 1, 2009 email from Alden to Wong contending that "AECOM management at Ames has knowingly and at times aggressively sought to suppress drawing productivity in an effort to maximize profits as well as bonus to its' (sic) corporate officers").

Alden concedes that the 2008 DCWPA contains a "limitation to the Department of Defense." Dkt. 174 at 21. He nevertheless argues that the 2008 statute should apply to NASA contracts. *Id.* Alden argues that the 2008 amendment is "poorly written" and asks whether, "as such, should its weight not fall upon the 2013 amendment in-lieu-of it?" *Id.* at 20. Specifically, Plaintiff argues that "[b]ased upon the IG's analysis of the legislative intent of the 2008 amendment the intention of the legislators appears to be more in line with the 2013 amendment than anything else." *Id.* This appears to be a reference to a discussion in a memorandum entitled "Peter Alden Whistleblower Complaint Analysis" prepared by the NASA Office of Inspector General on May 31, 201 6. *See* Dkt. 172-2. In the memorandum, the NASA OIG stated "[t]here is a genuine question about which version of § 2409 applies to Alden's situation, and it hinges upon when the 2008 amendments became effective." *Id.* at PDF p. 28. The OIG stated that "[u]nfortunately, the 2008 amendments, through what we believe to have been a simple drafting error, were written such that they only apply to Department of Defense contracts." *Id.* at PDF p. 29.

In *Javery*, which was a review by the Fifth Circuit of the NASA Administrator's

11

determination of a complaint of retribution filed by former employees of a NASA contractor and subcontractor, the court rejected arguments similar to the ones made by Alden and the OIG in this case. The NASA Administrator whose decision was under review in *Javery* had acknowledged "the possibility that excluding NASA from the conditions explicitly limited to DOD was a technical mistake by Congress, particularly because § 2409(b) contemplates that complaints may be submitted to either the DOD or the NASA Inspector General." 697 Fed. Appx. at 814 (internal quotation marks omitted). However, the Fifth Circuit decided that the Administrator's "reasoning is sound" in concluding that the inclusion of the NASA Inspector General in section 2409(b) was not "inherently inconsistent" or "superfluous" even though NASA contracts were excluded from three of the four conditions listed in section 2409(a) because one of the contemplated conditions—disclosures relating the health and public safety—encompassed disclosure to NASA. *Id.* at 814-815. The court also endorsed the NASA Administrator's rejection of the conclusion in the OIG report in that case that the exclusion of NASA from three of the listed conditions was a "drafting error" by Congress. *Id.* at 814. The Administrator had noted that "NASA cannot amend the legislation Congress actually passed because it believes Congress made a mistake." *Id.*

The Court finds the reasoning of *Javery* persuasive. The 2008 DCWPA is unambiguous in limiting its protections to whistleblower complaints concerning mismanagement and waste (as opposed to complaints about health and public safety) only if they involve DOD contracts. Despite Plaintiff's urging, it plainly is not the role of this Court to "amend the legislation" to address what, in Plaintiff's view, is a mistake. Accordingly, because Alden's complaints concerned alleged mismanagement and waste in connection with a NASA contract, they are not actionable under the 2008 DCWPA.

### D.      Other Arguments

Because the Court grants summary judgment in AECOM's favor on the sole cause of action in this case on the foregoing grounds, the Court does not reach AECOM's other arguments, namely: (1) AECOM's argument that Alden cannot establish the requisite temporal relationship between his whistleblowing and his termination; and (2) AECOM's argument that it can establish that it would have taken the same disciplinary action in the absence of Alden's alleged

whistleblowing.  Dkt. 166 at 12-21.

### E. Evidentiary Objections

Other than the specific evidence cited above, the Court's conclusion that the 2008 DCWPA does not apply to the whistleblower complaints or the NASA-AECOM contract at issue does not require review of the parties' factual evidence.  Accordingly, the Court does not reach the parties' evidentiary objections to that other evidence.  *See* Dkt. 175 at 2-7 (AECOM's evidentiary objections to materials in Alden's opposition papers), 176 (Alden objection to AECOM's reply), 177 (AECOM objection to Dkt. 176).

## IV. CONCLUSION

For the reasons discussed above, AECOM's motion for summary judgment (Dkt. 166) is **GRANTED**.

**SO ORDERED.**

Dated: April 14, 2021

_____
SUSAN VAN KEULEN
United States Magistrate Judge

13