UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER ANGELO ALDEN,<br><br>  Plaintiff,<br><br>  v.<br><br>AECOM TECHNOLOGY CORPORATION, et al.,<br><br>  Defendants. | Case No. 18-cv-03258-SVK<br><br>**ORDER ON PLAINTIFF'S MOTIONS FOR RECONSIDERATION OF (1) SUMMARY JUDGMENT ORDER AND (2) ORDER DENYING STAY**<br><br>Re: Dkt. Nos. 188, 189 |

On April 14, 2021, the Court issued an order granting Defendant AECOM Technology Corporation's motion for summary judgment, and the Court entered judgment in favor of AECOM. Dkt. 179 (the "SJ Order"), 180 (Judgment). Plaintiff subsequently filed three administrative motions: (1) motion for a temporary stay (Dkt. 182); (2) motion to extend time for notice of appeal (Dkt. 183); and (3) motion to extend time for post-judgment motions (Dkt. 184). The Court denied the motion to stay, but granted Plaintiff a 30-day extension of the deadline to file a notice of appeal and a 7-day extension of the deadline to file a post-judgment motions. Dkt. 186 (the "Stay Order"). Now before the Court are Plaintiff's motions for reconsideration of certain aspects of (1) the Court's SJ Order, and (2) the Court's Stay Order. Dkt. 188, 189. For the reasons that follow, the Court **DENIES** both motions for reconsideration.

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration, and therefore "[a] motion so designated will be construed according to the type of relief sought." Jones, *et al.,* Rutter Group Prac. Guide: Fed. Civ. Trials & Ev. Ch. 20-C, § 20.273 (2020) (citing *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir.

2002)).[1]  Such a motion is construed in one of two ways:  (1) if the motion is filed within 28 days after the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); and (2) if the motion is filed more than 28 days after entry of judgment, it is considered a motion seeking relief from the judgment under Rule 60(b).  Rutter Group Prac. Guide: Fed. Civ. Trials & Ev. Ch. 20-C, §§ 20:273.1-20:273.2 (citations omitted).

Plaintiff's motion for reconsideration of the SJ Order was filed 35 days after the Court issued that order and entered judgment, which falls within the 7-day extension the Court granted for filing post-judgment motions.  Dkt. 186.  Plaintiff's motion for reconsideration of the Stay Order was filed 7 days after that order.  Under the authorities cited it above, these motions are properly treated as motions under Rule 59(e).  However, several of Plaintiff's earlier motions referred to a possible Rule 60 motion (Dkt. 182, 184), so for completeness, the Court will consider Plaintiff's arguments under both Rule 59(e) and Rule 60(b).

### A. Rule 59(e)

Rule 59(e) permits a party to file a motion to "alter or amend" a judgment no later than 28 days after the entry of judgment.  Fed. R. Civ. P. 59(e).  "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion."  *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted).  "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."  *Id.*  "A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier."  *Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Trust*, 979 F.3d 1209, 1218 (9th Cir. 2020) (internal quotation marks and citation omitted) (emphasis in original).

---

[1] Civil Local Rule 7-9 concerns motions to reconsider interlocutory orders and is not applicable here because judgment has already been entered.

2

### B. Rule 60(b)

Rule 60(b) empowers a district court to set aside a judgment for any of the following reasons: (1) "mistake, inadvertence, surprise or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) "fraud …. misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; (5) "the judgment has been satisfied released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable"; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b); *see also School Dist. N. 1J, Multnomah Cnty., Or. v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993). "Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary." *Reynolds v. Lomas*, No. C 11-03218 JSW, 2012 WL 4714525, at *1 (N.D. Cal. Oct. 3, 2012), *aff'd*, 554 F. App'x 548 (9th Cir. 2014) (*citing Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir.1981)).

## II. DISCUSSION

### A. Motion for Reconsideration of Summary Judgment Order

Plaintiff's motion for reconsideration of the SJ Order challenges the Court's conclusion that he did not report the alleged wrongdoing to a person or entity authorized under the 2008 Defense Contractor Whistleblower Protection Act ("DCWPA") to receive such complaints. *See* SJ Order at 8-10. Plaintiff argues that relief from the summary judgment order is warranted for two reasons. Plaintiff's first argument, which follows a discussion of the merits of his whistleblowing complaints about AECOM, appears to be that the Court erred in concluding that this case was analogous to *Quinn v. Booz Allen Hamilton*, 2015 WL 11347589 (N.D. Fla. Mar. 6, 2015) because Plaintiff's complaints were not only *to* NASA employee Tony Wong but also *about* Mr. Wong. Dkt. 188 at 3. Plaintiff now argues that "*[d]uring his employment*, the Plaintiff never complained about the government, or at least anything that could be construed as a complaint." *Id.* (emphasis in original).

This argument does not warrant reconsideration of the Court's SJ Order. AECOM discussed the *Quinn* case at length in its motion for summary judgment, arguing that *Quinn* is

"directly on point and strikingly similar" to this case and "directly comparable to the instant action where Plaintiff reported the alleged wrongdoing to AECOM (his employer) and a NASA employee, i.e., disclosures directly to the alleged wrongdoers." Dkt. 166 at 13-14. Despite AECOM's heavy reliance on *Quinn*, Plaintiff did not address the case in his opposition to the motion for summary judgment. *See* Dkt. 174. Nor did Plaintiff make the factual point he now seeks to make: that he did not complain about the government during his employment. Plaintiff has not shown that the pertinent facts were not available to him at the time he filed his opposition to the summary judgment motion.

Plaintiff's second argument why the Court should reconsider the SJ Order is that Plaintiff made a whistleblower complaint not only to Mr. Wong but also to the NASA Ombudsman. Dkt. 188 at 4. In support of this argument, Plaintiff submits a November 1, 2009 email he sent to Mr. Wong, on which the email address "ombuds@mail.arc.nasa.gov" is shown on the cc: line. Dkt. 188-1. However, from the beginning of this case, Plaintiff has premised his DCWPA claim on the complaints he made to Mr. Wong. In his original Complaint, Plaintiff stated that "[o]n 1 November 2009 the Plaintiff blew the whistle on AECOM and its management in an email to the NARC Contracting Officer's Technical Representative (COTR) Anthony Wong, the government liaison for the AECOM contract …" Dkt. 2 (Original Complaint) ¶ 21; *see also* Dkt. 50 (First Amended Complaint) ¶ 21 (same). In the complaints in this case, Plaintiff referred to Mr. Wong as "the sole individual you are depending upon to advance your case in the government." Original Complaint ¶ 25; First Amended Complaint ¶ 40. On the basis of Plaintiff's allegations in his pleadings concerning his complaints to AECOM and his November 1, 2009 email to Mr. Wong, AECOM argued in its summary judgment motion that "[n]either AECOM (as the contractor), nor Mr. Wong (a NASA employee) is a person or employee covered by the statute to whom a report must be made under the 2008 DCWPA." Dkt. 166 at 12-13. Among the exhibits Plaintiff submitted with his opposition to the motion for summary judgment was the same November 1, 2009 email upon which his motion for reconsideration now relies. Dkt. 172-17. However, Plaintiff's opposition to the summary judgment motion, like his complaints, relied only on his reports to Mr. Wong and did not mention the NASA ombudsman. *See* Dkt. 171 at 21. In his

4

motion for reconsideration, Plaintiff admits that his focus on Mr. Wong was a tactical decision, acknowledging that the Court's purported error in missing his report to the NASA Ombudsman "falls on the Plaintiff" and explaining that his prior pleadings "did not identify the NASA Ombuds reporting since he believed his reporting to the NASA COTR would be enough for the Court to rule in his favor on this part of its determination." Dkt. 188 at 4. As such, reconsideration of the Court's SJ Order on the basis of the ombudsman reporting is not warranted under either Rule 59(e) or Rule 60(b).

In denying Plaintiff's motion for reconsideration of the SJ Order, the Court also notes that Plaintiff attacks only the Court's conclusion regarding the DCWPA reporting requirements. Dkt. 188 at 1. The Court granted summary judgment in favor of AECOM for the additional and independent reason that the reprisal prohibition in the 2008 DCWPA does not apply to whistleblower complaints about gross mismanagement of NASA contracts, such as the one at issue in this case. SJ Order at 10-12. Plaintiff's motion for reconsideration does not challenge the Court's conclusion on this point.

Accordingly, Plaintiff's motion for reconsideration of the SJ Order is **DENIED.**

### B. Motion for Reconsideration of Stay Order

Plaintiff's motion for reconsideration of the Stay Order asserts that the Court's grant of a 7-day extension to file post-judgment motions was insufficient. Dkt. 189 at 1. Plaintiff argues that he needs more time because (1) he wants to "produce new evidence" to confirm that his complaints to the government concerned safety, not just waste (*id.*) and (2) the Court's legal findings as to the DCWPA "require an in-depth review" to address the case law presented by AECOM in its summary judgment motion and by the Court in the SJ Order and the legislative intent surrounding the 2008 amendment of DWCPA. *Id.* at 1-2. Although the Court recognizes that Plaintiff has provided evidence that he suffered injuries in an April 6, 2021 accident (*see* Dkt. 182), all of the issues now raised in Plaintiff's motion for reconsideration were squarely presented by AECOM's summary judgment motion. Plaintiff filed his opposition to the summary judgment motion on February 18, 2021, and an errata to his opposition on February 28, 2021, which were both weeks before his accident. He has not shown that he could not have included in his

opposition the evidence and arguments he now seeks to offer. Moreover, the Court notes that Plaintiff himself requested a 7-day extension of the deadline to file post-judgment motions if the Court denied his request for a stay. Dkt. 184. In light of Plaintiff's request, as well as the Court's conclusion that a stay was not warranted at this post-judgment stage of the case, the Court finds no basis for reconsideration of the Stay Order.

**III. CONCLUSION**

For the foregoing reasons, Plaintiff's motions for reconsideration of the SJ Order and the Stay Order (Dkt. 188 and 189) are **DENIED.**

**SO ORDERED.**

Dated: June 3, 2021

SUSAN VAN KEULEN
United States Magistrate Judge